Military pay; correction of military records; disability retirement claim. — Plaintiff, a twice-retired enlisted member of the United States Armed Forces, seeks a determination of entitlement to retirement pay from the date of his latest release from active duty to the present, based on retirement for physical disability rather than for length of service. Plaintiff was retired for the first time after completing 20 years of service in the Army, and shortly thereafter he received a VA disability rating of 10% (later increased to 20%). Two years after retirement he voluntarily returned to active duty, and after serving for 10 months and 6 days he was returned to retired status, again on the basis of length of service. Plaintiff applied for and received a VA disability rating of 20%. He unsuccessfully sought from the Army Board for Correction of Military Records (ABCMR) a determination that his records should be corrected to reflect retirement for physical disability ratable at a minimum of 30%. Although plaintiff was retired for the second time without having been given a "final-type” physical examination, such examination was conducted shortly thereafter which did not include any evidence establishing that plaintiff should have been retired for physical disability. Plaintiff claims here that he should have been retired for physical disability under the standards of 10 U.S.C. § 1201. On April 29, 1977 Trial Judge Francis C. Browne filed a recommended decision concluding that plaintiff did not provide the quantum of proof necessary to carry his burden of overcoming by clear and convincing evidence the presumption of correctness attaching to the administrative determination of fitness for military service at the time of either retirement. Nor did plaintiff establish any procedural defect in the manner in which the ABCMR received, considered and decided his claim. Plaintiff was accorded due process and received a decision supported by law and substantial evidence and *470 which was neither arbitrary nor capricious. On April 21, 1978 the court, by order, affirmed and adopted the trial judge’s decision as the basis for its judgment in this case (with the below-noted modifications), concluded that plaintiff is not entitled to recover and dismissed the petitions.
1. The paragraph beginning with the words "He invokes” and ending with the words "be dismissed” appearing on the last three lines of page 3 and the first four lines of page 4, together with the entire footnote numbered 2 on pages 3 and 4 are deleted.
2. The last sentence (beginning with the word "As” and ending with the word "controversy”) of footnote 5 of page 10 is deleted.
3. Footnote 7 (beginning with the words "other citations” and ending with the word "records”) appearing on page 15 is deleted.
4. The first two sentences (beginning with the word "Third” and ending with the word "weight”) in the paragraph appearing in the middle of page 18 are deleted.
5. The last paragraph appearing on page 19 (beginning with the word "Thus” and ending with the word "relief’) is deleted.
6. The first sentence of the recommended Conclusion of Law (starting with the word "This” and ending with the word "relief’) appearing on page 34 is deleted.
7. The word "further” appearing in the third line of the trial judge’s recommended Conclusion of Law is deleted.
On January 8, 1979 plaintiffs petition for certiorari was denied.